No. 14-0904 - <u>State of West Virginia ex rel. Ralph A. Lorenzetti, Jr., Prosecuting Attorney of Jefferson County v. Honorable David H. Sanders, Judge of the Twenty-Third Judicial Circuit; and Elizabeth Shanton</u>

**FILED**

**May 20, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

LOUGHRY, Justice, concurring:

The circuit court's clear legal error in dismissing fifty-three counts of the fifty-four-count indictment returned against the respondent, Elizabeth Shanton, deprived the State of its right to prosecute its case against Ms. Shanton and warranted the issuance of the writ of prohibition. I write separately to emphasize the correctness of the majority's decision, as reflected in its new syllabus point one, which provides that each use of a State-issued purchasing card ("P-card") in a manner contrary to West Virginia Code § 12-3-10a, or the rules promulgated thereunder, constitutes a separate and distinct violation of West Virginia Code § 12-3-10b.

On numerous prior occasions, this Court has made clear that, absent a viable double jeopardy challenge, the propriety of multiple or singular charge(s) is for a jury's determination based on evidence of multiple, separately-formed or singular intent(s). This critical element was thoroughly addressed by Chief Justice Workman in her majority opinion in *State v. McGilton*, 229 W.Va. 554, 729 S.E.2d 876 (2012). Mr. McGilton stabbed his wife numerous times during an argument in their home, resulting in his conviction of multiple

1

counts of malicious assault. Relying upon prior decisions of this Court,[1] the majority explained that "multiple convictions are appropriate where a defendant performs separate acts that would support different violations of the same statute." *Id.* at 565, 729 S.E.2d at 887. In affirming Mr. McGilton's conviction, we concluded that

> it is not a reasonable reading of this [malicious assault] statute to conclude that a perpetrator can only be charged with one malicious assault simply because he or she managed to stab a victim multiple times very quickly—regardless of whether or not the elements of the crime were committed separately, distinctly, and contemporaneously with each stabbing.

*Id.* at 566, 729 S.E.2d at 888. Accordingly, we held that

> [a] defendant may be convicted of multiple offenses of malicious assault under West Virginia Code § 61-2-9(a) (2004) against the same victim even when the offenses were a part of the same course of conduct. Such convictions do not violate the double jeopardy provisions contained in either the United States Constitution or the West Virginia Constitution as long as the facts demonstrate separate and distinct violations of the statute.

229 W.Va. at 556, 729 S.E.2d at 878, syl. pt. 9 (emphasis added).

A year later, in *State v. Goins*, 231 W.Va. 617, 748 S.E.2d 813 (2013) (Loughry, J., concurring), Chief Justice Workman and I agreed with the majority's conclusion that the defendant's multiple convictions of brandishing could not be upheld on the basis of the number of victims present when the defendant discharged his weapon. *Id.*

---

[1]*State v. Green*, 207 W.Va. 530, 534 S.E.2d 395 (2000); *State v. Myers*, 229 W.Va. 238, 728 S.E.2d 122 (2012).

at 625, 748 S.E.2d at 821.  We were highly critical, however, of dicta that disregarded the principles articulated in *McGilton* and, instead, eschewed the notion that multiple brandishing violations could occur on the basis of multiple shots.  *Id.*  Drawing upon the analysis contained in *McGilton*, I explained that

> the firing of a single shot may constitute an unlawful "use" of a firearm which results in a breach of the peace.  There is quite simply no reason why additional shots–all of which are complete and discrete singular acts which likewise cause separate and distinct breaches of the peace–should not constitute additional violations of the statute where a jury finds a separately formed intent.

*Goins*, 231 W.Va. at 627, 748 S.E.2d at 823 (Loughry, J., concurring).  I also cautioned that "[i]t is a dangerously overreaching conclusion . . . to insist that because the evidence adduced below in this particular case did not sustain multiple convictions, that the statute would not support such convictions were satisfactory evidence adduced; certainly, *McGilton* instructs otherwise."  *Id.*

Following *Goins*, Chief Justice Workman and I once again took the opportunity to emphasize that the propriety of multiple or single charges, absent a viable double jeopardy challenge, is measured by evidence of multiple separately-formed or singular intent(s), as determined by a jury.  In *State v. Jerrome*, 233 W.Va. 372, 758 S.E.2d 576 (2014) (Loughry, J., concurring), we joined in the majority's affirmance of the defendant's grand larceny conviction.  As I explained,

3

[c]onsistent with the clear import of *McGilton*, the Court's new syllabus point reflects that whether separate takings from separate owners constitute a single or multiple larcenies . . . must be determined from the totality of the circumstances and is dependent upon the number of separately formed intents as proven by the evidence.

The facts of the instant case not only illustrate the universe of possibilities regarding multiple or single larcenies, but are instructive as to the nature and quality of evidence that should be adduced at trial to support a conviction. Here, the petitioner stole items from four victims. The items were contained in three different purses, which were located at two different locations in one bar into which the petitioner and her boyfriend entered that evening before leaving with the stolen items. . . . Although the jury could have well concluded from this evidence that the petitioner committed one, two, or three different larcenies of varying degrees, it found that one larceny occurred, as was within its province.

*Id.* at 385, 758 S.E.2d at 589 (Loughry, J., concurring).

In the case *sub judice*, the circuit court erroneously concluded that Ms. Shanton's alleged fraudulent use of the P-card was a "continuing offense;" therefore, she could not be charged with multiple violations of the statute. This erroneous conclusion led to the circuit court's dismissal of fifty-three of the fifty-four counts of the indictment returned against Ms. Shanton. However, as discussed above, this Court has made it abundantly clear that the issue of "whether a criminal defendant may be separately convicted and punished for multiple violations of a single statutory provision turns upon the legislatively-intended unit

4

of prosecution." *State v. Green*, 207 W.Va. 530, 537, 534 S.E.2d 395, 402 (2000); *accord McGilton*, 229 W.Va. at 562, 729 S.E.2d at 884.

In *McGilton*, we rejected the defendant's effort to persuade this Court to rule, as a matter of law, that when multiple stabbings are part of the same course of conduct, they constitute a single offense "regardless of the specific circumstances of the crime and irrespective of whether a perpetrator actually formed the requisite intent each and every time he or she committed a separate malicious assault of a victim." *Id.* at 561, 729 S.E.2d at 883. Similarly, the majority appropriately rejects Ms. Shanton's attempt to have this Court rule that there can only be one violation of West Virginia Code § 12-3-10b, regardless of the number of separate and distinct purchases made through multiple fraudulent uses of a P-card over a course of years and in different locations.

As the majority correctly holds herein, under the plain language of West Virginia Code § 12-3-10b, each purchase of goods or services made using a state purchasing card in a manner that is contrary to the provisions of West Virginia Code § 12-3-10a, or the rules promulgated thereunder, is a distinct offense. Consequently, if the State's evidence demonstrates separate and distinct violations of West Virginia Code § 12-3-10b by Ms. Shanton, and if the State is able to prove beyond a reasonable doubt that she had a specific intent "***for each and every count*** of the indictment[,]" then multiple convictions can be

attained. *McGilton*, 229 W.Va. at 567, 729 S.E.2d at 889 (emphasis in original). Whether the multiple convictions can be sustained will be "a question of fact which may only be proven by examining the totality of the circumstances." *Id.* at 566, 729 S.E.2d at 888.

For these reasons, I concur in the majority's decision to issue the writ prohibiting the enforcement of the circuit court's order dismissing fifty-three counts of the fifty-four-count indictment returned against Ms. Shanton.

I am authorized to state that Chief Justice Workman joins in this concurrence.